FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WYATT H., | No. 2:25-CV-00411-SAB |
|      Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER REVERSING THE DECISION OF COMMISSIONER** |
|      Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Jeffrey Schwab. The Commissioner is represented by L. Jamala Edwards and Joseph Derrig. Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 15, and the Commissioner's Brief, ECF No. 16.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands for further proceedings.

## I.    Jurisdiction

On January 5, 2022, Plaintiff filed an application for supplemental security income benefits, alleging disability beginning June 1, 2018. He subsequently amended his application to allege disability beginning October 25, 2021. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on January 29, 2025, a telephonic hearing was held. Plaintiff appeared

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

and testified before an ALJ, with the assistance of his counsel, Jeffrey Schwab. Michael Swanson, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 6, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 13, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 4**

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of his application, Plaintiff was 39 years old. He has an A.A. degree in anthropology and geology. Plaintiff is morbidly obese, with his weight fluctuating between 410-480 lbs. He testified that he was unable to work because he is in constant pain. He has difficulty going up and down stairs and needs to rest after doing either one. He cannot stand for more than one minute before he must lean or sit. He gets tired very easily. He cannot maintain an activity for more than five to ten minutes before he needs a break. He has difficulty getting up from the floor because of his pain and his weight. His joints always hurt. He testified that he participated in physical therapy, but that just made his pain worse.

Plaintiff testified he is constantly anxious. He has difficulty being around other people and having to talk to them. He reported that he struggles to get out of bed and get dressed due to his pain. He needs to take naps in the afternoon. He struggles with his sleep. He is living with his parents. He drives himself to his appointments and to pick up his meds.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 18-38.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 5, 2022, the application date. AR 23.

At step two, the ALJ identified the following severe impairments: type I diabetes mellitus with peripheral neuropathy; mild degenerative joint disease of the bilateral knees; pituitary adenoma; morbid obesity; generalized anxiety disorder;

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

attention-deficit hyperactivity disorder ("ADHD"); and major depressive disorder. AR 23.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 24. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except with the following limitations: stand and/or walk four hours in an eight-hour workday; sit four hours in an eight-hour workday; occasionally stoop; occasionally kneel, crouch, crawl, and climb stairs and/or ramps; can never climb ladders, ropes or scaffolds; occasionally push and/or pull with the bilateral upper and lower extremities; occasionally use foot controls with the bilateral lower extremities; frequently reach in any direction with the bilateral upper extremities; can never be exposed to vibration or extreme heat or cold; can tolerate moderate noise; can tolerate occasional exposure to fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants; can never work at unprotected heights or around moving mechanical parts or heavy machinery; can understand, remember and carry out simple and complex instructions; can have occasional interaction with co-workers and the general public.

AR 26.

At step four, the ALJ found Plaintiff had no past relevant work. AR 32.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including officer helper, outside deliverer and mail room clerk. Consequently, the ALJ found Plaintiff was not disabled from January 5, 2022, the date the application was filed.

**VI.  ISSUES**

1. Did the ALJ properly evaluate the medical evidence?
2. Did the ALJ properly conduct a Step Five Analysis?

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 6**

**VII.    Discussion**

**1.  Evaluation of the Medical Evidence**

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

**a.  Physical Impairments**

Plaintiff argues the ALJ erred in evaluating the medical opinions regarding his physical impairments. He asserts that although the ALJ nominally

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

acknowledged Plaintiff's severe physical conditions, the ALJ evaluated them in isolation, relied heavily on norm findings from brief, clinical encounters. frequently, frequently handle, finger, and feel and never squat, kneel, climb, crawl, or balance.  Specifically, Plaintiff alleged the ALJ failed to adequately account for Plaintiff's diabetic neuropathy. Plaintiff alleges the ALJ failed to account for his persistent lower extremity pain associated with his diabetes and failed to account for Plaintiff's fatigue and obesity in determining whether Plaintiff can engage in full-time work.

Here, the ALJ failed to account for Plaintiff's persistent lower extremity pain, his difficulty with movement caused by his pain and obesity and failed to account for Plaintiff's chronic fatigue, all of which are well-documented in the record. As such, the ALJ's evaluation of Plaintiff's physical impairments is not supported by substantial evidence.

### b.  Mental Health Impairments

Plaintiff asserts the ALJ failed to properly account for his mental health impairments, and specifically how these impairments affected his ability to sleep.

Here, the ALJ's evaluation of Plaintiff's mental health impairments are not supported by substantial evidence in the record. The ALJ failed to properly account for Plaintiff's chronic depression and anxiety, which are well-documented in the record.

### 2.  Step Five Analysis

Plaintiff asserts the ALJ failed to translate chronic pain, fatigue, and endurance limitations into the residual functional capacity. Plaintiff asserts the record demonstrates that he cannot stand or walk for eight hours per day, five days per week, fifty-two weeks per year and cannot sustain concentration, persistence and pace over time due to chronic pain, mental impairment and chronic fatigue.

Here, the RFC determined by the ALJ failed to properly account for Plaintiff's chronic pain, chronic fatigue and the effect of Plaintiff's obesity on his

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 8**

ability to complete full-time work, as well as properly account for his mental health impairments.

**VIII. Conclusion**

Because the ALJ failed to adequately evaluate Plaintiff's physical and impairments, and consequently failed to properly determine his RFC, remand is necessary. On remand, the Appeals Council will direct the Administrative Law Judge (ALJ) to reevaluate the medical evidence, reconsider the subjective allegations, reevaluate the residual functional capacity, offer the opportunity for a hearing, and take any further action needed to complete the administrative record, and issue a new decision.

Accordingly, **IT IS HEREBY ORDERED:**

1.     For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2.     For court management purposes, the Commissioner's Brief, ECF No. 16, is **DENIED**.

3.     The decision of the Commissioner is **reversed** and **remanded** for further proceedings consistent with this Order.

4.     Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 5th day of May 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 9**